**FILED**

July 02, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ NM _____
                    DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| BEATRIZ EDUVIGES CALDERA-PALMAR, | § § § | |
| Petitioner, | § § | **NO. SA-26-CV-3022-OLG** |
| v. | § § | |
| TODD BLANCHE *et al.*, | § § | |
| Respondents. | § § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Beatriz Eduviges Caldera-Palmar's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 4), and Petitioner has replied (Dkt. No. 5). For the reasons that follow, the Petition (Dkt. No. 1) is DENIED.

### I.    BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States without inspection on November 12, 2021. *See* Dkt. Nos. 1 at 4; 4 at 2. She was detained by immigration authorities, issued a Notice to Appear, and released on her own recognizance. *See* Dkt. Nos. 1 at 4; 1-1 at 2, 6; 4 at 2. At some point thereafter, Petitioner applied for and received temporary protected status ("TPS") in light of her Venezuelan nationality. *See* Dkt. Nos. 1 at 13; 1-1 at 8. On February 5, 2025, the Department of Homeland Security ("DHS") terminated Venezuela's TPS designation, stripping Petitioner of her right to remain in the United States. *See* Termination of the Oct. 3, 2023 Designation of Venezuela for Temporary Protected Status, 90 Fed. Reg. 9040–9044 (Feb. 5, 2025).

On November 4, 2025, Petitioner was re-detained by immigration authorities pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of her removal proceedings.[1] *See* Dkt. No. 1 at 4.

On January 27, 2026, Petitioner initiated a habeas challenge to her detention on due process grounds. *See Caldera-Palmar v. Vergara*, No. 26-CV-470, Dkt. No. 1 (W.D. Tex. Jan. 27, 2026). On March 13, 2026, the Court granted Petitioner relief and ordered that she be given a bond before an immigration judge ("IJ") to determine whether she poses a danger to the community or a flight risk. *See Caldera-Palmar*, Dkt. No. 8. On March 18, 2026, Petitioner received that hearing, during which the IJ denied bond and determined that she poses a flight risk. *See Caldera-Palmar*, Dkt. No. 9-1. Petitioner initiated this habeas action thereafter, asserting that her detention violates the Constitution as well as her rights as a recipient of TPS. *See* Dkt. No. 1 at 6–15.

## II.    JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g., Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, --- F. Supp. 3d ---,

---

[1] Although Petitioner was ordered removed to Venezuela on April 3, 2026, *see* Dkt. No. 4-1, she timely appealed the removal order to the Board of Immigration Appeals, *see* Dkt. No. 4 at 3, and, thus, it is not yet administratively final. *See* 8 C.F.R. § 1241.1 (providing that an order of removal becomes final upon the "dismissal of an appeal by the Board of Immigration Appeals"). Once an order of removal becomes administratively final, the Government has 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

2

2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 2026 WL 44683, at *1 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to BIA would "exacerbate [her] alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III.    DISCUSSION

Petitioner challenges her detention on the grounds that it violates the Constitution as well as her rights as a recipient of TPS. As the petitioner, she bears the burden of proving that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts . . . and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243).

3

### A.    Due Process

Petitioner asserts that her detention violates her right to due process. *See* Dkt. No. 1 at 6–9. However, Petitioner received all the process she was due as a result of her first habeas petition. There, the Court determined that due process entitled her to a bond hearing before an IJ. *See Caldera-Palmar,* Dkt. No. 8. She received that hearing on March 18, 2026, during which the IJ determined that she poses a flight risk. *See Caldera-Palmar,* Dkt. No. 9-1. Thus, Petitioner has not been deprived of due process. *See, e.g., Adedire v. Warden,* No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem,* No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark,* 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker."). While she may be dissatisfied with the result of that hearing, it did not violate her due process rights.[2]

### B.    Fourth Amendment

Petitioner next asserts that her warrantless arrest without probable cause violated her Fourth Amendment rights. *See* Dkt. No. 1 at 9–11. Petitioner's allegations in support thereof are threadbare. But in any event, this claim is unmeritorious because "a claim asserting an alleged Fourth Amendment violation has no bearing on the legality of detention . . . during removal

---

[2]Petitioner also suggests that her detention is unconstitutionally prolonged. *See* Dkt. No. 1 at 11–12. She is mistaken. While there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability,* has no obvious termination point." *Demore v. Kim,* 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis,* 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez,* 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey,* No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008).

proceedings." *Antonio v. Bondi*, No. 26-CV-610, 2026 WL 1213820, at *2 (W.D. Tex. May 4, 2026) (first citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984); and then citing *Men Keng Chang v. Jiugni*, 669 F.2d 275, 279 (5th Cir. 1982)). Accordingly, Petitioner's Fourth Amendment claim is not cognizable in habeas. *See, e.g., Salto Carchi v. Bondi*, No. 26-804, 2026 WL 1834305, at *3 (W.D. La. June 25, 2026).

## C.    Temporary Protected Status

Finally, Petitioner asserts that she cannot be removed from the United States because she is a recipient of TPS. *See* Dkt. No. 1 at 12–14. While Petitioner concedes that DHS purported to terminate Venezuela's TPS designation, she asserts that the Northern District of California set aside that decision in a recent lawsuit. *Id.; see also Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1108 (N.D. Cal. 2025). However, the judgment rendered in that case has been stayed by the Supreme Court "pending the disposition of the Government's appeal." *Noem v. Nat'l TPS All.*, 146 S. Ct. 23 (U.S. 2025). It is therefore impossible to enforce that judgment without violating the Supreme Court's edict.[3]

---

[3]After the Supreme Court stayed its judgment, the California court issued a separate order granting declaratory—instead of injunctive—relief. *See Nat'l TPS All. v. Noem*, No. 25-CV-1766, 2025 WL 3539156 (N.D. Cal. Dec. 10, 2025). The Court declines the California court's invitation to circumvent the Supreme Court's ruling on a technicality. "Lower court judges may sometimes disagree with [the Supreme] Court's decisions, but they are never free to defy them." *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (U.S. 2025) (Gorsuch, J., concurring in part and dissenting in part); *see also Herrera v. Noem*, — F. Supp. 3d —, 2026 WL 800721, at *6–13 (D. Ariz. Mar. 12, 2026) (declining to enforce the California court's order granting declaratory relief); *Granadillo-Arambule v. Daley*, No. 26-CV-36, 2026 WL 1157161, at *5–7 (E.D. Ky. Apr. 29, 2026) (same); *Pirela-Altamar v. Raycraft*, No. 26-CV-388, 2026 WL 820371, at *2–3 (W.D. Mich. Mar. 25, 2026) (same); *Guevara-Hernandez v. Blanche*, No. 26-CV-59, 2026 WL 1728803, at *4–5 (E.D. Mo. June 15, 2026) (same); *Rubio v. Francis*, No. 26 Civ. 264, 2026 WL 811178, at *10–11 (S.D.N.Y. Mar. 23, 2026) (same); *Fuente v. Noem*, No. 26-CV-767, 2026 WL 1270531, at *2 (S.D. Tex. Mar. 20, 2026) (same); *Guzman v. Warden*, No. 26-CV-835, 2026 WL 1413098, at *2–3 (M.D. Fla. May 20, 2026) (same); *Castillo-Salas v. Gantt*, No. 26-906, 2026 WL 1879729, at *3 n.9 (W.D. Okla. June 30, 2026) (same); *Ramirez Perez v. Schmidt*, No. 26-CV-158, 2026 WL 867765, at *4–5 (E.D. Wis. Mar. 30, 2026) (same).

5

## IV.    CONCLUSION

For the foregoing reasons, Petitioner Beatriz Eduviges Caldera-Palmar's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on July _____, 2026.

ORLANDO L. GARCIA
United States District Judge

6